IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YAAZIYAH YISRAYL HAWKINS #1700216 | § § § | |
| V. | § § | A-11-CA-522-SS |
| WARDEN EDUARDO CARMONA | § § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

The undersigned magistrate judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 4); Plaintiff's more definite statement (Document No. 7); Plaintiff's supplemental complaint (Document No. 12); Defendant's Motion for Summary Judgment (Document No. 23); Plaintiff's Petition for Deposition by Oral Examination (Document No. 25); and Plaintiff's Objection to Motion for Summary Judgment (Document No. 26). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

I.  BACKGROUND

At the time he filed his complaint, Plaintiff was an inmate incarcerated in the Bartlett State Jail. Plaintiff was subsequently transferred to the Bradshaw State Jail. Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging the conditions at the Bartlett State Jail violated his

constitutional rights. Specifically, Plaintiff alleges the Bartlett State Jail is often severely understaffed. He contends the unit could be taken over easily. Plaintiff additionally alleges Sergeant Lubon made an unspecified terroristic threat to the inmates in Plaintiff's dorm and threatened an unnamed inmate with physical violence. Plaintiff further alleges there is standing water around the base of the toilets, the security cameras and communication systems do not work, and a light caught on fire in April. Plaintiff sues Warden Carmona. He requests the Court to "send in OSHA and the Health Department," launch an investigation, remove him from the Bartlett State Jail, and award him $3,000,000.00 in damages.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement. In his more definite statement Plaintiff alleges Warden Carmona failed to properly staff the unit, specifically a shower squad. As a result, Plaintiff alleges he became infected with staph. Plaintiff also alleges Warden Carmona failed to provide basic maintenance of the facility. He claims he slipped and fell and was not given medical attention. Plaintiff further alleges he was not allowed to attend religious services and he has had poor access to recreation. Plaintiff contends Warden Carmona is responsible for his mental and physical health and his personal safety.

In his more definite statement Plaintiff explained Sergeant Lubon threatened, "I will kick y'all['s] ass spray this whole entire dorm with the pepper spray." At the time he filed his more definite statement Plaintiff admitted he had not been personally assaulted but he had been verbally assaulted by Mrs. Wilson of the Education Department. Plaintiff continues to complain about non-working security cameras and communication systems and adds the ventilation system is non-working and he catches germs. Plaintiff reasserts his request for $3,000,000.00 to compensate him for his physical injuries and adds a request for $200,000.00 for mental anguish.

The Court ordered service on Warden Carmona. Before Warden Carmona filed his answer, Plaintiff filed a supplemental complaint alleging he was attacked by other inmates on July 19, 2011. Plaintiff asserts he suffered a one-inch gash on his forehead. At the time he filed his supplemental complaint, Plaintiff was confined in segregation. Plaintiff requests to be moved to federal custody to serve a future 24-month federal sentence.

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Carmona moves for summary judgment arguing Plaintiff failed to exhaust his administrative remedies. Carmona admits Plaintiff filed numerous Step 1 grievances during his confinement at the Bartlett State Jail. However, he denied Plaintiff ever filed a Step 2 grievance to complete the grievance process. Carmona requests the Court to dismiss Plaintiff's complaint with prejudice. Carmona also argues he is entitled to summary judgment because there is no respondeat superior liability under 42 U.S.C. § 1983. Carmona argues Plaintiff has alleged no facts indicating he was personally involved in any of the conduct complained about or he implemented a policy that resulted in any constitutional violation. Finally, Carmona argues Plaintiff has no injuries to support his claim for unconstitutional conditions of confinement.

## III. PLAINTIFF'S RESPONSE

In his response, Plaintiff claims he has proof regarding his claims about outstanding maintenance issues. Plaintiff also asserts he attempted to exhaust his administrative remedies. According to Plaintiff, he submitted a Step 1 grievance on June 13, 2011, but it was returned because it failed to request any particular relief. Plaintiff indicates he resubmitted the Step 1 grievance on June 20, 2011, but it was returned unanswered. Plaintiff contends this is proof that the Bartlett State Jail staff is conspiring together to cover up civil rights violations and violations of

other federal laws, such as OSHA. Plaintiff states he has staff and other inmates ready to testify regarding the corruption at the Bartlett State Jail. Plaintiff also argues Warden Carmona is responsible for his staff and Carmona failed to properly train his subordinates in the grievance department.

## IV. ANALYSIS

A.   Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.[1]

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id.

---

[1] Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. See FED. R. CIV. P. 56(a) (eff. Dec.1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

at 323-24, 106 S. Ct. at 2554.  At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial."  Id. at 324, 106 S. Ct. at 2553.  The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations.  Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party.  The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court."  James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)).  To the extent facts are undisputed, a Court may resolve the case as a matter of law.  Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

      B.      Exhaustion

Plaintiff is required under § 1997e(a) to exhaust administrative remedies before filing suit.  See 28 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 202, 127 S. Ct. 910, 914 (2007); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004).  Proper exhaustion is required, meaning that the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules.  Woodford v. Ngo, 548 U.S. 81, 90, 126 S. Ct. 2378, 2386 (2006).  Because exhaustion is an affirmative defense, Defendant, the party moving for summary judgment, has the burden to demonstrate Plaintiff failed to exhaust available administrative remedies and was required to establish "beyond peradventure all of the essential elements of the

defense of exhaustion to warrant summary judgment" in his favor.  Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010).[2]

The Texas prison system has a two-step formal grievance process.  Johnson, 385 F.3d at 515.  "[A] prisoner must pursue a grievance through both steps for it to be considered exhausted."  Id. (citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001)).  "[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances."  Jones, 549 U.S. at 219, 127 S. Ct. at 923.  The amount of information necessary depends on the type of problem about which the inmate is complaining.  Johnson, 385 F.3d at 517.  The Fifth Circuit has noted that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued."  Id. at 522.  However, "the grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and ... will often require, as a practical matter, that the prisoner's grievance identify individuals who are connected with the problem."  Id.  Thus, where an inmate complains of improper conduct by a guard, "the administrators responding to the grievance would want to know ... who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter."  Id. at 517.

Plaintiff did not provide the Court with a copy of any of his purported grievances.  Defendant Carmona, on the other hand, provides summary judgment evidence that Plaintiff filed numerous Step 1 grievances but never filed any Step 2 grievances.  In response to Defendant's Motion for

---

[2] In Dillon, the Fifth Circuit joined the Seventh, Ninth, and Eleventh Circuits and held factual disputes concerning exhaustion may be resolved by the judges.  Id.  at 271.

Summary Judgment Plaintiff indicates he resubmitted a Step 1 grievance on June 20, 2011 and it was returned unanswered. However, Plaintiff fails to specify the subject of that grievance.

Viewing the evidence in the light most favorable to Plaintiff, the summary judgment evidence reveals no genuine issue of material fact on the issue of whether Plaintiff completed the required two-step grievance procedure at the Bartlett State Jail. There is absolutely no evidence Plaintiff filed any Step 2 grievances with regard to the claims raised in this case. Accordingly, Plaintiff's complaint should be dismissed without prejudice for failure to exhaust his administrative remedies.[3] Alternatively, as discussed below, Defendant is entitled to summary judgment.

    C.    <u>Injunctive Relief</u>

To the extent Plaintiff requests injunctive relief his claims are moot. Plaintiff was transferred to the Bradshaw State Jail on August 18, 2011. <u>Biliski v. Harborth</u>, 55 F.3d 160 (5th Cir. 1995) (dismissing as moot plaintiff's request for a transfer from a county jail due to plaintiff's subsequent transfer to the TDCJ); <u>White v. Colorado</u>, 82 F.3d 364 (10th Cir. 1996) (dismissing as moot plaintiff's claims for prospective injunctive relief due to plaintiff's release from prison); <u>Garrett v. Angelone</u>, 940 F. Supp. 933 (W.D. Vir. 1996) (dismissing as moot the plaintiff's claims regarding the conditions at institutions from which the plaintiff had been transferred) (citing <u>Williams v. Griffin</u>, 952 F.2d 820 (4th Cir. 1991); <u>Magee v. Waters</u>, 810 F.2d 451 (4th Cir. 1987)).

    D.    <u>Conditions of Confinement</u>

Plaintiff complains of the conditions of his confinement at the Bartlett State Jail. The Fifth Circuit has stated that like other Eighth Amendment claims, a conditions-of-confinement claim must satisfy tests for both objective and subjective components. For the objective component, "extreme

---

[3] Defendant incorrectly requests that Plaintiff's complaint be dismissed with prejudice.

deprivations are required to make out a conditions-of-confinement claim." Davis v. Scott, 157 F.3d 1003, 1006 (5th Cir. 1998) (citations omitted).  The subjective component requires a showing of deliberate indifference to the inmates' health or safety.  Farmer v. Brennan, 511 U.S. 825, 837-38, 114 S. Ct. 1970, 1979 (1994).  To establish "deliberate indifference," Plaintiff must allege facts which, if proved, show that jail officials were aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk.  Hare v. City of Corinth, 74 F.3d 633, 649 (5th Cir. 1996) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S. Ct. 1970, 1984 (1994)).

In addition, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute "must be more than de minimus [sic], but need not be significant." Alexander v. Tippah Cnty., Mississippi, 351 F.3d 626, 630-31 (5th Cir. 2003), cert. denied, 541 U.S. 1012 (2004).

Plaintiff's claims in his original complaint and more definite statement regarding the conditions of his confinement fail.  Plaintiff has not alleged more than de minimis physical injury. Without proof of physical injury, Plaintiff cannot maintain a civil rights action based on his living conditions.  See e.g., Herman v. Holiday, 238 F.3d 660, 666 (5th Cir. 2001) (holding that a plaintiff was not entitled to money damages as a matter of law on his claim for mental and emotional stress due to an increased risk of illness, cold showers, cold food, unsanitary dishes, insect problems, inadequate clothing, and the presence of an open cesspool near the housing unit because he did not allege any physical injuries resulting therefrom); Alexander, 351 F.3d at 631 (holding that vomiting

and accompanying nausea from the smell of raw sewage covering the floor of the isolation cell was insufficient to state a physical injury under section 1997(e)).

      E.      Recreation

Plaintiff vaguely alleges he has poor access to recreation and that leads to lack of Vitamin D from the sunshine. "Deprivation of exercise is not a per se constitutional violation." Lewis v. Smith, 277 F.3d 1373, 2001 WL 1485821 at *1 (5th Cir.2001) (citing Miller v. Carson, 563 F.2d 741, 751 n. 12 (5th Cir. 1977); Stewart v. Winter, 669 F.2d 328, 336 n. 19 (5th Cir. 1982)); see also Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (affirming limits on recreation time). "[W]hat is constitutionally required, however, is that [the prisoner] not be confined for long periods without the opportunity for regular physical exercise." Lewis, 2001 WL 1485821 at *1 (citation omitted). In this case, Plaintiff's claim that he has had "poor access to recreation" is not sufficiently serious to state an Eighth Amendment violation.

      F.      Verbal Abuse

Plaintiff alleges that he was a victim of verbal abuse at the jail. On one occasion a prison guard allegedly yelled at the inmates in the dorm and threatened them with pepper spray. On another occasion an employee in the education department told Plaintiff to stay out of her department or she would have the officers "kick [his] ass." Plaintiff does not allege any conduct by Defendant Carmona regarding these alleged incidents of verbal abuse. In addition, the law is clear that verbal abuse by a prison guard does not give rise to a cause of action under §1983. See Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997) (citing Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993)). As noted in Somers v. Thurman, 109 F.3d 614 (9th Cir. 1997), while "[w]e are mindful of the realities of prison life, and while we do not approve, we are 'fully aware that the exchange of verbal insults

between inmates and guards is a constant, daily ritual observed in our nation's prisons,'" this does not mean that such conduct creates an Eighth Amendment claim. Id. at 622 (quoting Morgan v. Ward, 699 F. Supp. 1025, 1055 (N.D.N.Y. 1988)).

### G. Inadequate Medical Care

In his more definite statement Plaintiff summarily states he slipped and fell in the shower area and was not given medical attention. The Fifth Circuit has held that a state official's episodic act or omission violates an inmate's due process right to medical care if the official acts with subjective deliberate indifference to the inmate's rights. Hare v. City of Corinth, 74 F.3d 633, 647-48 (5th Cir. 1996) (en banc). "Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscious of mankind." McCormick v. Stadler, 105 F.3d 1059, 1061 (5th Cir.1997). Plaintiff does not specify the injury for which he believed he needed medical treatment. In addition, Plaintiff does not allege that Warden Carmona was ever made aware Plaintiff needed medical attention and was denied.

### H. Failure to Protect

In his supplemental complaint Plaintiff alleges he was attacked by another inmate on July 19, 2011. As a result, he suffered a one-inch gash on his forehead. The Eighth Amendment imposes duties on prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832, 114 S. Ct. at 1976. Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. Being violently assaulted in prison is simply not "part of the penalty that criminal offenders pay for their offenses against society. Id. at 834, 114 S. Ct. at 1977. However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety. Id.

In this case, Plaintiff asserts he informed Officer Foxworth and Officer Johnson that Inmate Freeman threatened to kill him when Plaintiff returned to the dorm that day. According to Plaintiff, Inmate Freeman believed Plaintiff was responsible for having Freeman fired from his porter job. However, Plaintiff fails to allege Warden Carmona was apprised of the threat.

According to Warden Carmona, an investigation was conducted in connection with the altercation between Plaintiff and Freeman. See Defendant's Exhibit B; Affidavit of Eduardo Carmona at ¶9. The investigation allegedly revealed Plaintiff was the aggressor and assaulted Freeman with a broom handle. Id. Carmona attests Plaintiff was issued a major disciplinary case for assaulting Freeman. Id. After the altercation, Carmona indicates Plaintiff reported that he felt his life was in danger. Id. Plaintiff was assigned to Offender Protection and segregated and after an investigation Plaintiff was transferred to the Bradshaw State Jail. Id.

Plaintiff fails to provide the Court with any summary judgment evidence that Warden Carmona had any advance warning of Freeman's alleged threat or that he could have prevented the altercation. As such, Plaintiff has failed to demonstrate that Warden Carmona knowingly disregarded an excessive risk to Plaintiff's health or safety. Accordingly, Warden Carmona is entitled to summary judgment.

I.      Religion

In his more definite statement Plaintiff vaguely alleges "very few people from dormitory allowed access at a time and no method of fair distribution of access" with regard to religious services. Defendant Carmona did not specifically address Plaintiff's religion claim. Accordingly, the Court will alternatively analyze Plaintiff's claim pursuant to 28 U.S.C. § 1915(e).

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. Plaintiff's conclusory allegations are insufficient to state a claim for denial of religious services. Plaintiff's allegation regarding his purported Establishment Clause claim is entirely conclusory, and he fails to address the issues relevant to such a claim. "Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes ... must plead the operative facts upon which their claim is based. Mere conclusory allegations are insufficient." Holdiness v. Stroud, 808 F.2d 417, 424 (5th Cir. 1987). Accordingly, Plaintiff's religion claim should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

## V. RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendant's Motion for Summary Judgment, **DISMISS WITHOUT PREJUDICE** Plaintiff's claims for failure to exhaust his administrative remedies, alternatively **GRANT** summary judgment on the merits on all claims except Plaintiff's religion claim, which should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e), and **DISMISS AS MOOT** Plaintiff's Petition for Deposition by Oral Examination.

## VI. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. en banc, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of December, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE